LIDA T. ALLEN, complainant-appellant,

*v.*

CHARLES S. ALLEN, defendant-respondent. .

[Submitted July 10th, 1916.   Decided November 20th, 1916.]

On appeal from a decree in the court of chancery advised by Vice-Chancellor Leaming and reported in *85 N. J. Eq.* 55.

*Messrs. Wescott & Weaver,* for the appellant.

*Mr. G. Dore Cogswell,* for the respondent.

PER CURIAM.

The bill in this cause was filed by the complainant for the annulment of her marriage to the defendant upon the ground that when the marriage took place the defendant knew that he was afflicted with a taint of insanity inherited by him and transmissible to his offspring; and that he fraudulently concealed the fact from her. The marriage took place in 1895. In 1901 the defendant's mental condition became such as to necessitate his

confinement in an insane asylum, where he has ever since been, and, apparently, without any improvement.

Our examination and consideration of the testimony submitted in the court below leads us to the conclusion that there was no adequate proof that the defendant at the time of his marriage to the complainant was afflicted with a taint of insanity. The most that can be said is that he believed that he was, although no basis for such a belief is disclosed in the proofs. The mere fact that one of the parties to a marriage ceremony has such a belief, although there is no real justification for it, and does not communicate it to the other contracting party, affords no ground for a subsequent annulment of the marriage. Nor does the defendant's mental breakdown—six years after complainant was married to him he became insane—afford ground of support for his belief that at the time of his marriage there was a taint of insanity in his blood. We conclude, therefore, that the complainant's bill was properly dismissed for the failure of proof to support the allegations of her bill. Reaching this conclusion, for the reasons stated, we find it unnecessary to consider the interesting question discussed by the learned vice-chancellor in his opinion, viz., whether the fact that one of the parties to a marriage is insane at the time when the marriage takes place, and intentionally conceals that fact from the other party to the marriage, affords just ground for its annulment.

*For affirmance*—THE CHIEF-JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER—14.

*For reversal*—None.